[Cite as *State ex rel. Heller v. Warden, Northwest Ohio Corr. Ctr.*, 2026-Ohio-2795.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State ex rel. Amanda Heller          Court Of Appeals No. {86}WM-26-004

     Relator

V.

Warden Of Corrections Center Of
Northwest Ohio

     Respondent

**<u>DECISION AND JUDGMENT</u>**

Decided:  July 21, 2026

* * * * *

Katie E. Tharp, for relator.

Angelica M. Jarmusz, for respondent.

* * * * *

**SULEK, J.**

{¶ 1} On June 5, 2026, Amanda Heller petitioned for a writ of habeas corpus, alleging that she is being held unlawfully pursuant to an excessive pretrial bond of $500,000.  On June 22, 2026, this court issued the writ and ordered respondent, Warden of Corrections Center of Northwest Ohio ("CCNO"), to file a return, which it did on June 29, 2026.  Heller filed her response on July 2, 2026.  Upon review of the record,

arguments, and assertions of the parties, this court holds that Heller has not demonstrated that she is being unlawfully held.

{¶ 2} The undisputed facts in this case are that, on April 26, 2026, Heller was arrested and charged by criminal complaint with one count of felonious assault, a felony of the second degree. The complaint alleged that she "knowingly caused physical harm to the [alleged victim] by coming into his residence while he was in bed, threaten to kill him, and then fired two rounds from a handgun while in the home." At her initial appearance in the Bryan Municipal Court, Heller pleaded not guilty. The trial court set bond at $100,000, no ten percent allowed. It further ordered Heller to have no contact with the victim, her ex-husband. Two days later, the trial court granted a criminal protection order pursuant to R.C. 2903.213. One condition of that order was that Heller "shall not use or possess alcohol or illegal drugs."

{¶ 3} Heller posted bond on April 27, 2026, and was released.

{¶ 4} She thereafter secured employment with two bars/restaurants. One is in Indiana and the other is in Michigan. Both establishments are within 10 minutes driving time from her home.

{¶ 5} On May 21, 2026, the Williams County Grand Jury returned a four-count indictment against Heller based upon the same facts that supported her arrest and the initial charge of felonious assault. The indictment includes counts for attempted aggravated murder, aggravated burglary, domestic violence, and improperly discharging a firearm into a habitation, as well as attendant firearm specifications.

2.

{¶ 6} Within two hours of being notified of the indictment, Heller, through her attorney, arranged for her voluntary surrender to the authorities. At her arraignment the next day in the Williams County Court of Common Pleas, her counsel argued that the $100,000 bond should be continued, noting that there has been no change in circumstances regarding the offense. Counsel maintained that the facts underlying the charges were the same in both instances, and there was "no new information that would warrant a change in the bond."

{¶ 7} The State, on the other hand, requested that bond be set at $1,000,000. It argued that the trial court was not bound by the bond that was put in place by the municipal court, and it noted that Heller had been indicted by the grand jury on new and more serious charges. It further referenced Heller's out-of-state travel for work and her likely handling of alcohol in the course of her employment, which it argued would be a violation of the criminal protection order.

{¶ 8} Upon consideration of the parties' arguments, the trial court set bond at $500,000 cash or surety.

{¶ 9} Heller has been unable to post the bail bond and is currently being held in the Corrections Center of Northwest Ohio pending her trial.

{¶ 10} Heller now seeks habeas relief, alleging that the $500,000 bond is excessive.

{¶ 11} "In general, persons accused of crimes are bailable by sufficient sureties, and '[e]xcessive bail shall not be required.'" *Chari v. Vore*, 91 Ohio St.3d 323, 325

3.

(2001), quoting Article I, Section 9, Ohio Constitution. "A bail amount that is 'higher than an amount reasonably calculated to' ensure the accused's presence in court is 'excessive.'" *DuBose v. McGuffey*, 2022-Ohio-8, ¶ 12, quoting *Stack v. Boyle*, 342 U.S. 1, 5 (1951). "Habeas corpus is the proper vehicle by which to raise a claim of excessive bail in pretrial-release cases." *Id.*, citing *Chari* at 325. "The burden of proof in an excessive-bail habeas petition is on the petitioner." *Id.*, citing *Chari* at 326. "Whether a particular bail determination is unconstitutionally excessive is a question of law appropriate for de novo review." *Id.* at ¶ 15.

{¶ 12} Article I, Section 9 of the Ohio Constitution provides, in relevant part, "When determining the amount of bail, the court shall consider public safety, including the seriousness of the offense, and a person's criminal record, the likelihood a person will return to court, and any other factor the general assembly may prescribe." In R.C. 2937.011, the Ohio General Assembly set forth the considerations for bail. That section provides,

> (A) Unless the court orders the defendant detained pursuant to section 2937.222 of the Revised Code or other applicable law, the court shall release the defendant on the least restrictive conditions that, in the discretion of the court, will reasonably assure the defendant's appearance in court, the protection or safety of any person or the community, and that the defendant will not obstruct the criminal justice process. If the court orders financial conditions of release, those financial conditions shall be related to public safety, the defendant's risk of nonappearance in court, the seriousness of the offense, and the previous criminal record of the defendant.

> (B) Any financial conditions shall be in an amount and type that are least costly to the defendant while also sufficient to reasonably assure the defendant's future appearance in court.

4.

. . .

(E) . . . [I]n determining the types, amounts, and conditions of bail, the court shall consider all relevant information, including the following:

(1) The nature and circumstances of the crime charged, and specifically whether the defendant used or had access to a weapon;

(2) The weight of the evidence against the defendant;

(3) The confirmation of the defendant's identity;

(4) The defendant's family ties, employment, financial resources, character, mental condition, length of residence in the community, jurisdiction of residence, record of convictions, record of appearance at court proceedings or of flight to avoid prosecution;

(5) Whether the defendant is on probation, a community control sanction, parole, post-release control, bail, or under a court protection order;

(6) The considerations required under Ohio Constitution, Article I, Section 9.

R.C. 2937.011.

{¶ 13} In addition, where the offense is an offense of violence against a family or household member involving a deadly weapon, before setting bail the trial court shall also consider:

(1) Whether the person has a history of domestic violence or a history of other violent acts;

(2) The mental health of the person;

(3) Whether the person has a history of violating the orders of any court or governmental entity;

(4) Whether the person is potentially a threat to any other person;

(5) Whether the person has access to deadly weapons or a history of using deadly weapons;

(6) Whether the person has a history of abusing alcohol or any controlled substance;

(7) The severity of the alleged violence that is the basis of the offense, including but not limited to, the duration of the alleged violent incident, and whether the alleged violent incident involved serious physical injury, sexual assault, strangulation, abuse during the alleged victim's

pregnancy, abuse of pets, or forcible entry to gain access to the alleged victim;

(8) Whether a separation of the person from the alleged victim or a termination of the relationship between the person and the alleged victim has recently occurred or is pending;

(9) Whether the person has exhibited obsessive or controlling behaviors toward the alleged victim, including but not limited to, stalking, surveillance, or isolation of the alleged victim;

(10) Whether the person has expressed suicidal or homicidal ideations;

(11) Any information contained in the complaint and any police reports, affidavits, or other documents accompanying the complaint.

R.C. 2919.251(B).

{¶ 14} Here, considering the constitutional and statutory factors, this court holds that Heller has not satisfied her burden to demonstrate that her pretrial bail is excessive.

{¶ 15} Under the first factor in R.C. 2937.011(E), the nature and circumstances of the crimes charged are serious. The State alleges that Heller unlawfully entered the victim's residence and attempted to murder him with a handgun.

{¶ 16} Regarding the second factor, the record contains little evidence as to the alleged crimes, but it is worth noting that Heller has not made any argument or presented any evidence demonstrating her innocence. She did, however, allege significant mental and physical abuse from the victim, her ex-husband.

{¶ 17} Relatedly, under the third factor, Heller's identity as the alleged perpetrator is not disputed.

{¶ 18} For the fourth factor, Heller notes that she is a lifelong resident of Williams County, where she lives with her two children, ages 10 and 12. She owns rental property and recently obtained employment near her home, which together provide an income of

approximately $7,000 per month. She has no prior criminal record and has never been the subject of a protection order. And, while on pretrial release from the municipal court, she appeared for her one court hearing and voluntarily surrendered when notified of the indictment.

{¶ 19} As to the fifth factor, Heller is not on probation, community control, parole, or post-release control.

{¶ 20} Regarding the sixth factor under R.C. 2937.011, "the court shall consider public safety, including the seriousness of the offense, and a person's criminal record, [and] the likelihood a person will return to court." Ohio Constitution, Article I, Section 9. Here, while Heller does not have a prior criminal record, the allegations of attempted aggravated murder and aggravated burglary suggest she is a danger to the victim specifically and to the public broadly. In addition, the seriousness of the alleged crimes and the potentially lengthy prison sentence if convicted, support the implication that Heller "may indeed be a flight risk and that protection of the community is also necessary." *See Garcia v. Wasylyshyn*, 2007-Ohio-3951, ¶ 8 (6th Dist.).

{¶ 21} Turning to the factors under R.C. 2919.251, the record does not demonstrate a history of domestic violence or other violent acts and is silent regarding Heller's mental health and substance abuse history. Also weighing in her favor is her compliance for the short time she was on pretrial release before the indictment. There is also no indication in the record that she is a threat to any person other than the alleged

7.

victim. She, however, did have access to a deadly weapon, and allegedly used that weapon in an attempt to take the victim's life after breaking into his residence.

{¶ 22} Based upon the foregoing, this court concludes that a $500,000 bond is not excessive.

{¶ 23} In support of her argument that it is excessive, Heller emphasizes that nothing has changed from the initial setting of a $100,000 bond, and her compliance with the bond conditions and her appearance at court demonstrate that $100,000 is reasonably calculated to secure her presence. This court, however, finds that the circumstances have changed. Heller is no longer facing a single count of felonious assault. Rather, the evidence has been presented to a grand jury, who indicted her on four charges including attempted aggravated murder and aggravated burglary. Not only does this change the calculus considering Heller's motivation to flee, but the Ohio Constitution and R.C. 2937.011 specifically require the courts to consider the "seriousness of the offense" when setting bail. Under the circumstances of this case, this court believes that a $500,000 bond is appropriate.

{¶ 24} Accordingly, upon review of the record, the arguments of the parties, and the constitutional and statutory factors, this court holds that Heller has not satisfied her burden to demonstrate that she is being unlawfully held. This action is dismissed with prejudice. Costs are assessed to Heller.

8.

**To the Clerk of Court: Manner of Service**

**{¶ 25}** The clerk is directed to serve upon all parties in a manner prescribed by Civ.R. 5(B) notice of the judgment and its date of entry upon the journal.

Action dismissed.

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, J.

_____
JUDGE

Charles E. Sulek, J.
CONCUR

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.